# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **WILLIAM R. COUCH,** ) | |
| Plaintiff ) | Civil Action No.: 7:05cv00642 |
| v. ) | |
| ) | |
| **JOHN JABE, et al.,** ) | **ORDER** |
| Defendants ) | By: PAMELA MEADE SARGENT |
| ) | United States Magistrate Judge |
| ) | |

This matter is before the undersigned on plaintiff's Motion For Preliminary Injunction, (Docket Item No. 40), and plaintiff's Motion To Post Security For Preliminary Injunction, (Docket Item No. 44). The plaintiff, William R. Couch, is an inmate within the Virginia Department of Corrections, ("VDOC"), incarcerated at Keen Mountain Correctional Center. Couch states that he is an observant Sunni Muslim who plans to participate in a required dawn to sunset fast during the Islamic holy month of Ramadan[1] beginning September 23, 2006. In consideration of these motions, the court has reviewed the written arguments of the parties as well as the affidavits offered by the parties in support of and in opposition to Couch's Motion for Preliminary Injunction. The court also has considered the written arguments and evidence provided to the court in support of and in opposition to defendants' motion for summary judgment. Couch's Motion for Preliminary Injunction seeks a court order directing that, between sunset and dawn during the Ramadan period, the defendants

---

[1]According to Couch's complaint, Ramadan is the ninth month of the Arabian lunar calendar. It is a very sacred month for Muslims because it was in this month that the revelation of the Holy Qur'an began and fasting as an obligatory institution was prescribed by God. According to Couch, Islam requires that every Muslim fast between dawn and sunset for 30 consecutive days.

provide Couch with an amount of food equivalent to that provided to nonfasting prisoners, or, in the alternative, to provide Couch with adequate nutrition and calories during this period.

Couch alleges in his complaint and amended complaint that the defendants deprived him of adequate nutrition and calories during Ramadan 2002, 2003, 2004 and 2005. In particular, Couch, through his sworn pleadings and affidavits, has stated that VDOC operating policies allow the prison to choose whether to provide Ramadan fast participants with the same full, hot breakfast that is served to the general prison population or to provide a significantly smaller, cold bag meal. Couch has stated that the prison always has opted to serve the smaller bag meal. Couch has stated that during these periods he was provided with meals which provided him with only approximately 1,000 calories per day. As a result, he states that, he experienced significant weight loss of approximately 13 pounds, constant hunger, "hunger headaches" and listlessness.

Couch has stated that the defendants have informed him that they will follow the same policy and provide him with the smaller bag breakfast meal during this year's Ramadan period. As a result, Couch states that he will suffer irreparable harm in the form of physical and mental pain and anguish, including, as in prior years, significant weight loss.

The defendants have provided no evidence to contradict Couch's claims that he has suffered physical injury, including significant weight loss, in previous years due to the reduced caloric intake provided to him during Ramadan. The defendants also have provided no evidence to contradict Couch's evidence that a diet including the

smaller bag breakfast provides only approximately 1,000 calories per day. Instead, the defendants have submitted evidence that, if an inmate eats the same breakfast and dinner meals as provided to the general population during Ramadan, the inmate will receive an average of 2,200 calories per day. The defendants admit, however, that VDOC policy allows the prison to opt to serve a bag breakfast to the inmates observing Ramadan. Furthermore, the defendants have provided no evidence with regard to daily caloric intake provided an inmate who receives the smaller bag breakfast.

In *Blackwelder Furniture Co. v. Seilig Mfg. Co., Inc.*, 550 F.2d 189, 193-96 (4th Cir. 1977), the Fourth Circuit Court of Appeals set out four factors to be considered in analyzing a request for preliminary injunctive relief. Those factors include: (1) the likelihood of irreparable harm to the plaintiff if the injunction is denied; (2) the likelihood of harm to the defendant if the injunction is granted; (3) the likelihood that the plaintiff will succeed on the merits; and (4) the public interest. *See Blackwelder*, 550 F.2d at 193-96. Furthermore, the Fourth Circuit has held that preliminary injunctions that mandate affirmative relief, such as requested here, "do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demand such relief." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980). In considering the four factors set out in *Blackwelder*, the Fourth Circuit in *Wetzel* stated that a court should use a "balance of hardship" test. *Wetzel*, 635 F.2d at 287.

> There is a correlation between the likelihood of plaintiff's success and the probability of irreparable injury to him. If the likelihood of success is great, the need for showing the probability of irreparable harm is less. Conversely, if the likelihood of success is remote, there must be a strong showing of the probability of irreparable injury to justify issuance of the

> injunction. Of all the factor, the two most important are those of probable irreparable injury to the plaintiff if an injunction is not issued and likely harm to the defendant if an injunction is issued. If, upon weighing them, the balance is struck in favor of the plaintiff, a preliminary injunction should issue if, at least, grave or serious questions are presented.

*Wetzel,* 635 F.2d at 287 (quoting *N.C. State Ports Auth. v. Dart Containerline Co., Ltd.*, 592 F.2d 749, 750 (4th Cir. 1979)).

In this case, I find that a balancing of the hardships, including the exigencies of the circumstances, demand that limited preliminary relief be granted. Couch has provided evidence, which is not contested by the defendants at this stage, that during the Ramadan period he will be provided with meals containing only approximately 1,000 calories per day and that this deprivation of food, has resulted in the past, and will likely again result, in a significant loss in weight. I find that such an injury amounts to irreparable harm. I further note that this case involves an allegation of deprivation of Couch's First Amendment rights and that some courts have described violations of First Amendment rights as "per se irreparable injury." *Johnson v. Bergland*, 586 F.2d 993, 995 (4th Cir. 1978) (citing *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). Furthermore, while the defendants argue that, if the requested relief were granted, it "will disrupt the orderly operation of the food service process at Keen Mountain and other prisons," they have offered no evidence of such harm to the court. With regard to the likelihood that Couch will succeed on the merits, by separate Memorandum Opinion and Order entered this same date, the court found that Couch has provided evidence which, if left unrefuted, would be sufficient to prove that he has been denied adequate nutrition and calories during Ramadan in the past in violation of his rights under the First Amendment, the Due Process Clause and RLUIPA.

Based on the above-stated reasons, I **GRANT** Couch's Motion for Preliminary Injunction, (Docket Item No. 40), and **ORDER** that the defendants, between sunset and dawn during the 2006 Ramadan period beginning September 23, shall daily provide Couch with food items containing approximately 2,200 calories, which is the amount that the defendants state will be daily provided to all nonfasting inmates through their breakfast and dinner meals.

With regard to Couch's Motion To Post Security For Preliminary Injunction, (Docket Item No. 44), as stated above, the defendants have offered no evidence to the court of any harm to be caused to them by the granting of preliminary relief. Therefore, the Motion To Post Security For Preliminary Injunction, (Docket Item No. 44), is **GRANTED in part and DENIED in part** and it is **ORDERED** that Couch will be required post a nominal cash bond in the amount of $13.50. It is further **ORDERED** that Couch is not required to prepay this bond, but, pursuant to the previous Consent To Fee, (Docket Item No. 4), executed and filed by Couch in this matter, the appropriate prison official shall withhold from his prison account an amount equal to 20 percent of each prior month's income until such time as the bond amount of $13.50 has been collected in full. Upon collection of this amount, the Trust Officer shall forward this amount to the Clerk's Office, U.S. District Court, P. O. Box 1234, Roanoke, VA 24006, to be held pending further order of the court.

The Clerk is directed to send a certified copy of this Order to all counsel of record and unrepresented parties.

ENTER: September 22, 2006.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE